## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

SAMANTHA SCHRADER,

      Plaintiff,

v.                                         CASE NO. 1:14-cv-00006-MP-GRJ

CAROLYN W COLVIN,

      Defendant.

_____/

## O R D E R

This cause comes on for consideration upon the Magistrate Judge's Report and

Recommendation dated January 12, 2015. (Doc. 15).  The parties have been furnished a copy of

the Report and Recommendation and have been afforded an opportunity to file objections

pursuant to Title 28, United States Code, Section 636(b)(1).  Petitioner has filed objections at

Doc. 16.  I have made a de novo review based on those objections.

Having considered the Report and Recommendation, and the timely filed objections, I

have determined that the Report and Recommendation should be adopted.  Plaintiff raises a

single issue in this appeal, whether the ALJ erred in finding that plaintiff did not meet the

requirements of Listing 12.05C, which is now titled "Intellectual Disability" but was titled

"Mental Retardation" at the time of plaintiff's application.  That section states as follows:

> 12.05 Mental retardation refers to significantly subaverage general intellectual
> functioning with deficits in adaptive functioning initially manifested during the
> developmental period; i.e., the evidence demonstrates or supports onset of the
> impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A,
> B, C, or D are satisfied.

The plaintiff agrees that A,B and D do not apply to plaintiff, so 12.05C is the one involved in

this case. That section requires the following:

> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or
> other mental impairment imposing an additional and significant work-related
> limitation of function;

Here, plaintiff points to the 67 Full Scale IQ WAIS-IV score she received from Dr. Benton.

However, plaintiff must show more than an IQ in the range specified in 12.05C. In the

introductory paragraph of 12.00, the Commissioner states as follows:

> The structure of the listing for intellectual disability (12.05) is different from that
> of the other mental disorders listings. Listing 12.05 contains an introductory
> paragraph with the diagnostic description for intellectual disability. It also
> contains four sets of criteria (paragraphs A through D). If your impairment
> satisfies the diagnostic description in the introductory paragraph and any one of
> the four sets of criteria, we will find that your impairment meets the listing.

In other words, plaintiff has to show an IQ score in the correct range and "significantly

subaverage general intellectual functioning with deficits in adaptive functioning initially

manifested during the developmental period; i.e., the evidence demonstrates or supports onset of

the impairment before age 22." The regulations continue by explaining that adaptive functioning

refers to

> adaptive activities such as cleaning, shopping, cooking, taking public
> transportation, paying bills, maintaining a residence, caring appropriately for your
> grooming and hygiene, using telephones and directories, and using a post office.

20 C.F.R. pt. 404. supt. P, app. 1, § 12.00(C)(1). Specifically, the regulations state:

> [W]e assess the quality of these activities by their independence, appropriateness,
> effectiveness, and sustainability. We will determine the extent to which you are
> capable of initiating and participating in activities independent of supervision or
> direction.

The ALJ specifically addressed these activities in her opinion, and the Court agrees with the

Magistrate Judge that plaintiff had no significant deficits in her adaptive functioning.  She could take care of her personal needs, wash dishes, clean, prepare light meals, do laundry, shop for food, work several hours per week, hang out with friends, babysit, pay her own bills, and handle a savings account. (R. 25.) Further, the ALJ relied upon the fact that Plaintiff has a driver's license, owns a car, drives to her appointments, and transports family members. (R. 37-38, 43-52.) Notably, the ALJ highlighted in her opinion that Plaintiff completed high school, earned her diploma, and began vocational classes to become a daycare worker. (R. 37, 48- 50.)  As the ALJ concluded, "[t]his shows abilities far above the claimant and her mother's version of complete inability to function on a job." Doc. 9, attach. 2, p. 25.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The decision of the Commissioner, denying benefits, is affirmed.

**DONE AND ORDERED** this   *26th* day of March, 2015

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge